16-2019-CA-002343-XXXX-MA Div: CV-E

Filing # 87139096 E-Filed 03/28/2019 04:08:35 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

RIA RAMDASS LAPAI,

    Plaintiff,

                                       CASE NO.:

v.

ONE CALL MEDICAL, INC.
d/b/a ONE CALL CARE MANAGEMENT,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RIA RAMDASS LAPAI, by and through undersigned counsel, brings this action against Defendant, ONE CALL MEDICAL, INC. d/b/a ONE CALL CARE MANAGEMENT and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. Venue is proper in Duval County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Duval County, Florida, and she worked in Duval County.

4. Defendant operates a property management company in Duval County.

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 03/29/2019 11:13:18 AM

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant on or around May 15, 2016.

13. In August 2018, Plaintiff suffered a serious injury within the meaning of the FMLA.

14. Specifically, Plaintiff suffered from endometriosis, fibroids, and hernias.

15. In August 2018, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

16. Plaintiff exercised her rights under the FMLA by filing for and utilizing FMLA leave.

17. On or about September 25, 2018, Plaintiff's employment was terminated for a pretextual reason.

18. Defendant terminated Plaintiff's employment because she filed for and utilized FMLA leave.

19. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as fully set forth herein.

21. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

22. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

23. Defendant's actions were willful and done with malice.

24. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    (a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in

the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

25. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 19 of this Complaint, as fully set forth herein.

26. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

27. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

28. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 28th day of May, 2018.

Respectfully submitted,

*/s/ Luis A. Cabassa*

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue Suite 300
Tampa, Florida 3360233602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**
